UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :     02-CR-1301 (VM)
                                   :
        - against -                :     **ORDER**
                                   :
JAIME CHAVEZ,                      :
                                   :
                    Defendant.     :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated June 23, 2020, defendant Jaime Chavez ("Chavez") requested appointment of counsel to assist him in briefing his motion for compassionate release or reduction of sentence. (See attached letters). The Court agrees that the appointment of counsel would be beneficial in this case.

Therefore, it is hereby ordered that the Federal Defenders of New York, Inc. be appointed to represent Chavez in order to assist in the evaluation of the claims reflected in the attached letters.


**SO ORDERED.**

Dated:     New York, New York
           14 August 2020

_____
          Victor Marrero
            U.S.D.J.

In the United States District Court

For the Southern District of New York


RECEIVED
JUL - 8 2020
CHAMBERS OF
JUDGE MARRERO

JAIME CHAVEZ,

    Movant,

DCNo. S08-02CR-1301-04 (GEL)

vs.

<u>Motion For Appointment Of Counsel</u>

United States of America,
    Respondent.

Comes Now, The Movant, <u>Jaime Chavez</u>, pro se, respectfully requests That This Honorable Court appoint Counsel Pursuant To 18 U.S.C. §3006 (A) To represent him in litigating a federal petition for reduction of Sentence under The Fair Sentencing Act (FSA) of 2018 under §3582 (C)(i)(A)(i) (law Codified), extraordinary and compelling "reasons. U.S.S. G § 1B1.13, appl. Note 1D applicable To him. In Support Thereof, State The following:

1. Movant Mr. Chavez asserts, That he have been on lockdown due To Memorandum by The Director of Federal Bureau of Prisons (FBOP), because of outbreak in Covid-19 (Corona Virus). And since Then he has been in his Cell along with The entire prison population being unable To properly research and go into the law library due To The fact That all is close-up.

2. Movant is a pro se litigant, and avers That he is Not an attorney, has No legal or professional Training To The preparation and filing of legal Motions and its Complexities and asks The Court To appoint Counsel. Haines v. Kerner, 404 U.s. 519 (1974)

-1-

3. Accordingly, Movant submits that his Motion for reduction of sentence under FSA is not wholly without merit and his request for appointed counsel is warranted. Given the complexity of the issues presented under FSA failure to appoint counsel could deprive Mr. Chavez of the opportunity to seek meaningful review of his sentence. Therefore, Movant requests that the Court appoint counsel to review his extraordinary and compelling reasons for relief and to supplement his pro se pleading before the Court enters any ruling on the merits.

Movant has been informed by Families Against the Minimum Mandatory (FAMM) that the Federal Public Defendant office will accept the appointment in this case.

4. Justice would best be served if appointment of counsel is granted.

Respectfully Submitted,

/s/ _____

Jaime Chavez # 21789-112
FCC Coleman USP#2
P.O. Box 1034
Coleman, FL 33521

CERTIFICATE OF SERVICE

I HEREBY CERTIFY. That a True and Correct copy of the foregoing has been furnished to the Office of the U.S. Attorney on this 23. day of June, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAIME CHAVEZ,                    :
    Petitioner,             :
                   :
  Vs.                            :    DCNo.S8-02CR-1301-04(GEL)
                   :
UNITED STATES OF AMERICA, :MOTION FOR REDUCTION OF SENTENCE
    Respondent.             :UNDER 18 U.S.C. §3582(c)(1)(A),THE
                 ;FIRST STEP ACT OF 2018.

Comes Now, Jaime Chavez, pro se, respectfully moves this
Honorable Court for a reduction of his sentence under §3582(c)(1)-
(A), The First Step Act ("FSA"), under the catch all provision
providing that there can be an "extraordinary and compelling
reason" other than medical, age or family. [1]

The "extraordinary and compelling reason" in this case is the
fact that if Petitioner  were sentenced today in light of the  "
FSA of 2018" he would have been sentenced to an extremely lesser
sentence than the sentence he received. Petitioner received
a 300 months imprisonment on count one for conspiracy to distribute
5 or more kilograms of cocaine, 21 U.S.C. §846, and count two posse-
ssion , in furtherance of the cocaine conspiracy, of a firearm equi-
ped with a silencer, 18 U.S.C. §§924(c)(1)(A) and (C)(1)(B)(ii),
to 360 imprisonment (statutory minimum for that count to be served
consecutively to the term imposed for count one, for a total of 660
months).Petitioner has been incarcerated since May 10th, 2003 year.

---

1] the instant request made herein is identical to the case granted
in Urkervich, (no.08:03-CR-37), 2019 WL 6037391 (D. Neb. Nov. 14, 2019),
the court decided that a person charged with consecutive 924(c) offen-
ses might be eligible for relief under FSA amended 924(c) stacking pro-
blem and instead of 660 months in prison as previously mandated under
this section of the statute no longer requires this application. The
court found that this amendment would have benefitted Urkevich if it had
been in effect at the time of his offense. The second 924(c) application
has to be from prior conviction now instead of in the same case.

– 1 –

Furthermore, in UNITED STATES v. BROWN, 935 F.3d 43, 2019 U.S. App. Lexis 24437 (2d Cir. Aug. 16, 2019)(Chavez was abrogated by Dean v. United States, 137 S.Ct. 1170, 1175-76 (2017) decision where court may consider severity of one or more mandatory minimum sentence(s) under §924(c). The sentence was remanded for resentensing.).

In UNITED STATES v. ADAMS, 2019 U.S. Dist. Lexis 140483 (2d Cir. Aug. 20, 2019), defendant Adams, pled guilty on October 29, 2004 to two count indictment charging him with possession with intent to distribute 5 or more  grams of cocaine base and possession of a firearm and ammunition  by a convicted felon. On May 2, 2005, he was sentenced to 210 months imprisonment on each count, with terms to run concurrently. Adams like Mr. Chavez filed FSA relief for immediate release; alternative for resentence under FSA. The court granted relief and immediate release. The court in reaching its decision relied on the decision of Dean, supra, to grant relief in the case.

This case is practically identical to the above cited case(s) in this action, for which this Honorable should grant relief at this time.

## EXTRAORDINARY AND COMPELLING REASON TO GRANT THIS MOTION UNDER THE "FIRST STEP ACT OF 2018."

The First Step Act (FSA) of 2018 passed 12 months ago and courts are being petitioned for relief by many federal prisoners. Petitioner petitions this Honorable Court for a reduction of sentence on the reasoning that if he were sentenced today he would not have received the draconian sentence he received. Related to its sentencing reform provisions (Title IV), the Act makes important changes to mandatory minimum penalties and to the safety valve provision (a provision that allows courts to sentence a defendant without regard to the mandatory minimum). Specifically, in relation to Title IV, the Act: among other things reduces certain mandatory minimum penalties for some drug offenses (Section

401); Broadens the safety valve at 18 U.S.C. §3553(f), increasing the number of offenses eligible for relief from mandatory penalties (Section 402); Reduces the severity of the "staking" of multiple §924(c) offenses (Section 403); and, applies retroactively the Fair Sentencing Act of 2010 (Section 404).

The Petitioner asserts, that this Court has jurisdiction according to Urkevich, supra, because he has exhausted all administrative remedy available to him in accordance with the First Step Act, and should exercise its discretion to reduce his sentence. Petitioner will show how he made tremendous amount effort to change his way of thinking and rehabilitated himself withing the FBOP and its programs.

The FSA of 2018 has clarified the way 18 U.S.C. 924(c)(1)(C) penalties under  second and subsequent  convicitons should be applied. The severe way the government had previously applied multiple convictions involving 924(c) would leave first time offenders with no hope or future of life beyond prison walls or some leaving prison at a very elderly age. Petitioner falls under the latter above. Petitioner entered Federal Custody in 2003 year at the age of 24, but due the extreme sentencing under Sec. 924(c)(1)(A) and (C)(1)(B)(ii) Petitioner received a sentence of 660 months, Petitioner  will likely reach the end of his sentence by 2052-2058, he would reach the end of his sentence at a very old age in or around  84 years of age if he lasts that long. (See, attached documents).

Under the FSA a defendant cannot be sentenced to the stacking provisions of 18 U.S.C. Sec. 924(c) unless, and (only) when the first 924(c) conviction has been or deem "final".

In Petitioner's case this did not happen, plus the Court at sentence believed it had to apply the mimumum mandatory sentence to both mandatory minimum sentences, which Dean, supra, clearly clarified leaving Peti-

- 3 -

tioner with an injust sentence and clearly constitutes a miscarriage of justice. Hence, this Honorable should grant relief in this just case at bar.

### PETITIONER'S EFFORTS IN ASSISTING OTHERS IN PRISON AND THOSE INDIVIDUALS OUTSIDE OF PRISON OR LEAVING THE THE PRISON SYSTEM AND EFFORTS AT REHABILITATION.

Petitioner moves this Honorable Court to understand that all he did was to help and assist others. Petitioner never anticipated that he would be submitting this motion, nor that the FSA of 2018 would ever exist for which it demonstrate that he has been constantly working to better himself and to help others in need. Petitioner presents the following evidence of his achivments during his incarceration:

The Summary of his Reentry Plan~Progress Report which shows all the diffenrent certificates and his numerous achivments throughout his incarceration, including the time he helpped save an inmate's life.

He also attended a Re-entry alliance Pensacola, INC, in 2016, a Art and Crafts show, where he got recognition for his work.

In 2017 also received an award of distinction an exhibition in the great GulfCoast Arts Festival.

Most recently received a certificate of completion-non-Residential Drug abuse Program on the 13th day of January, 2020.

Petitioner prays this Honorable Court will recognize that Petitioner accomplished these feats from the heart. He practically had given up on ever having a chance of ever getting out of prison until the FSA was passed by Congress and the President signed it and the laws provide for the Court to consider a reduction of sentence. I sincerely will never ever return to prison because I have learned a craft that I am good at and brings happiness to those who receive them.

— 4 —

## CONCLUSION

Petitioner prays that this Honorable Court grant this motion under "Extraordinary and Compelling" reasons under 18 U.S.C. §3582(c)(1)(A). reduction of sentence. In light of courts around the country granting FSA motions. See, Urkevich, supra. By granting this motion it will serve the interest of justice and do more good than anything else; Any and all relief it deems just and proper.

Respectfully Submitted,

/s/ _____

Jaime Chavez#21789-112
FCC COLEMAN USP#II
P.O. BOX 1034
Coleman, Fl 33521

## CETIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished to the Office of the U.S. Attorney on this____ day of _____, 2010.

/s/
Jaime Chavez, Pro se.

– 5 –



**U. S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

United States Penitentiary 2
846 N.E. 54th Terrace
Coleman, Florida 33521

January 19, 2020

RESPONSE TO INMATE REQUEST TO STAFF MEMBER

SUBJECT:   Compassionate Release/Reduction In Sentence (RIS)

RE:        Chavez, Jaime
           Registration No: 21789-112

This is in response to your Inmate Request to Staff Member, in which you request consideration for a Compassionate Release/Reduction in Sentence under Extraordinary and Compelling Circumstances.

A thorough review of your request was completed utilizing Program Statement 5050.50, Compassionate Release/Reduction in Sentence, Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), requests for a Compassionate Release/Reduction.  Based on the information you have submitted: You have not demonstrated extraordinary or compelling circumstances which would warrant a reduction in sentence under BOP guidelines.  To the extent you believe your sentence should be reduced pursuant to the sentence reform provisions of the First Step Act of 2018, you may raise those concerns directly with your sentencing court. The Federal Bureau of Prisons has no authority to reduce a sentence pursuant to those provisions or based on sentence length.

After careful review of this information, consideration for Compassionate Release/RIS is denied. In compliance with Bureau of Prisons' Program Statement 5050.50, titled Compassionate Release/Reduction in Sentence, you may appeal this denial through the Administrative Remedy Program if you are unsatisfied with this response.

I trust this information adequately addresses your concerns.

_____                    1/30/2020
C. Swain, Warden                             Date

**From:**       ^!"CHAVEZ,  ^!JAIME" <21789112@inmatemessage.com>
**To:**
**Date:**       1/8/2020 7:50 PM
**Subject:**    ***Request to Staff*** CHAVEZ, JAIME, Reg# 21789112, CLP-K-B

To: Mr. Smith
Inmate Work Assignment: unit orderly

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the
subject line.
54375cfb-6b3b-45f6-acc1-5111afed0ed4
Your response must come from the departmental mail box.  Responses from personal mailboxes WILL
NOT be delivered to the inmate.

***Inmate Message Below***


Sir,
in accordance to FSA I have an extraordinary circumstance because if sentenced today I would have not
received the sentence for my 924(c) conviction. Hence, I request for a recommendation under FSA for a
reduction of sentence.
Thank you very much & have a nice day!

TRULINCS  21789112 - CHAVEZ, JAIME - Unit: CLP-K-B

--------------------------------------------------------------------------------------------------

FROM: 21789112
TO: Unit Management K, L PEN 2
SUBJECT: ***Request to Staff*** CHAVEZ, JAIME, Reg# 21789112, CLP-K-B
DATE: 01/08/2020 07:33:18 PM

To: Mr. Smith
Inmate Work Assignment: unit orderly

Sir,
in accordance to FSA I have an extraordinary circumstance because if sentenced today I would have not received the sentence
for my 924(c) conviction. Hence, I request for a recommendation under FSA for a reduction of sentence.
Thank you very much & have a nice day!

EXHIBIT

A

---------------------------------------------------------------------

SENTENCING COMPUTATION DATA WITH INFORMATION ABOUT SENTENCING
AND RELEASE INFORMATION.

```
CLPFO  540*23  *           SENTENCE MONITORING          *     10-30-2019
PAGE 001        *          COMPUTATION DATA             *     11:22:25
                           AS OF 10-30-2019
```

REGNO..: 21789-112 NAME: CHAVEZ, JAIME


```
FBI NO..........: 695246FB4            DATE OF BIRTH: 10-02-1974  AGE:  45
ARS1............: CLP/A-DES
UNIT............: K-2                  QUARTERS.....: K02-212U
DETAINERS.......: NO                   NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 03-30-2052

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-30-2052 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION..........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER..................: S8-02CR.1301-04(GEL)
JUDGE..........................: LYNCH
DATE SENTENCED/PROBATION IMPOSED: 06-27-2005
DATE COMMITTED.................: 09-29-2005
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $200.00         $00.00         $00.00         $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: T21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE
         5 KILOGRAMS AND MORE OF COCAINE.
```

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  300 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 DATE OF OFFENSE................: 05-10-2003
```

G0002       MORE PAGES TO FOLLOW . . .

```
   CLPFO  540*23 *            SENTENCE MONITORING        *   10-30-2019
   PAGE 002        *            COMPUTATION DATA           *   11:22:25
                               AS OF 10-30-2019
```

REGNO..: 21789-112 NAME: CHAVEZ, JAIME


-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  130    18:924(C) FIREARMS LAWS
OFF/CHG: T18:924(C)(1)(A) POSSESSION OF A FIREARM EQUIPPED WITH
         A SILENCER.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  360 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 010 OBLIGATION
 DATE OF OFFENSE................: 05-10-2003

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-04-2011 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-08-2009 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 06-27-2005
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  660 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   55 YEARS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 05-10-2003

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   05-10-2003   06-26-2005


G0002        MORE PAGES TO FOLLOW . . .
```

```
   CLPFO  540*23 *          SENTENCE MONITORING          *      10-30-2019
PAGE 003 OF 003 *          COMPUTATION DATA             *      11:22:25
                           AS OF 10-30-2019
```

REGNO..: 21789-112 NAME: CHAVEZ, JAIME


```
TOTAL PRIOR CREDIT TIME.........: 779
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 2047
TOTAL GCT EARNED................: 645
STATUTORY RELEASE DATE PROJECTED: 09-30-2052
EXPIRATION FULL TERM DATE.......: 05-09-2058
TIME SERVED.....................:    16 YEARS      5 MONTHS     21 DAYS
PERCENTAGE OF FULL TERM SERVED..: 29.9
```

```
PROJECTED SATISFACTION DATE.....: 09-30-2052
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
REMARKS.......: 04-06-09: DIS GCT TAKEN BY DSCC. WSZ/D
               03-04-11: DIS GCT TAKEN. SPS/D
```

G0000        TRANSACTION SUCCESSFULLY COMPLETED

EXHIBIT
B

Exhaustion of administrative remedies pursuant to the FSA of 2018.

EXHIBIT
C

---------------------------------------------------------------

SUMMARY REENTRY PLAN-PROGRESS REPORT WITH ALL INFORMATION REGARDING
REHABILITATION AND ASSISTANCE TO THOSE IN NEED INCARCERATED AND THOSE
OF WHOM ARE LEAVING INCARCERATION.



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CHAVEZ, JAIME  21789-112

SEQUENCE: 00151907
Report Date: 01-10-2020



| | |
|---|---|
| Facility: | CLP  COLEMAN II USP |
| Name: | CHAVEZ, JAIME |
| Register No.: | 21789-112 |
| Quarters: | K02-211U |
| Age: | 45 |
| Date of Birth: | 10-02-1974 |

| | |
|---|---|
| Custody Level: | IN |
| Security Level: | HIGH |
| Proj. Rel Date: | 09-30-2052 |
| Release Method: | GCT REL |
| DNA Status: | CAA02614 / 05-26-2011 |

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| T21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE 5 KILOGRAMS AND MORE OF COCAINE. | 300 MONTHS |
| T18:924(C)(1)(A) POSSESSION OF A FIREARM EQUIPPED WITH A SILENCER. | 360 MONTHS |

Date Sentence Computation Began:   06-27-2005
Sentencing District:   NEW YORK, SOUTHERN DISTRICT

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit  - InOp Time |
|---|---|---|---|
| 0 /   0 /   75 | 645 | Years: 16  Months: 8  Days: 1 | + 779   JC - 0    InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Program Plans

Inmate Chavez entered federal custody in 2005 and has been designated to USP Victorville, Lewisburg, Canaan, Terre Haute and arrived to this facility, FCC Coleman, Florida, USP2, in 2014. He was convicted in the Southern District of New York, for Conspiracy To Possess With Intent To Distribute More Than Five Kilograms Of Cocaine And Possession Of A firearm With A Silencer, on June 27, 2005. The court made no programming recommendations at sentencing.

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CLP | K2 UNT ORD | / | 10-19-2019 |

### Work Assignment Summary

Inmate Chavez has been assigned to work details with the housing unit, as an orderly, to Unicor, to the Food Service department, the Facilities department and Landscaping. Prior to incarceration, he was employed with his mother's business; California Precision and Deburring. He is planning to return to this business and continue working with his family. Specifically and with each institutional job detail, he learned the following skills: utilizing sewing machines, making collars, shirts, cleaning, landscaping and general maintenance. While assigned to the Unicor department, he also began to crochet and has since, self taught and is highly skilled in that craft.

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CLP | ESL HAS | ENGLISH PROFICIENT | 12-08-2005 |
| CLP | GED EN | ENROLL GED NON-PROMOTABLE | 10-01-2019 |
| CLP | GED UNSAT | GED PROGRESS UNSATISFACTORY | 02-01-2008 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| CLP | W | CROCHET  CLASS | 09-12-2018 | 11-27-2018 |
| CLP | C | ADVANCED DRAWING CLASS | 05-07-2017 | 07-27-2017 |
| CLP | C | CROCHET  CLASS | 08-11-2014 | 08-27-2014 |
| THP | C | BEGINING LEATHER | 02-07-2012 | 04-07-2012 |
| CAA | C | INTRODUCTORY CROCHET CLASS. | 10-04-2010 | 11-10-2010 |
| VIP | W | ENGLISH GED 9-10:30AM | 08-25-2006 | 02-01-2008 |
| VIP | W | GED 7:30-9AM | 01-17-2006 | 08-25-2006 |

### Education Information Summary



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CHAVEZ, JAIME  21789-112

SEQUENCE: 00151907
Report Date: 01-10-2020

Inmate Chavez is enrolled in the GED program, but is listed as UNSAT, due to his difficulties in math.  He dropped out of high school in the 10th grade. If released, he plans to continue in a GED program, until he is successful and it is achieved.  He has completed a handful of recreational classes and teaches crochet to other inmates.  He is currently in the NRDAP program and is expected to complete it this month.

### Discipline Reports

| Hearing Date | Prohibited Acts |
|---|---|
| 06-07-2013 | 306 : REFUSING WORK/PGM ASSIGNMENT |
| 02-28-2011 | 201 : FIGHTING WITH ANOTHER PERSON |
| 02-12-2009 | 299 : DISRUPTIVE CONDUCT-HIGH |
| 10-24-2008 | 310 : BEING ABSENT FROM ASSIGNMENT |
| 05-06-2008 | 307 : REFUSING TO OBEY AN ORDER |
|  | 312 : BEING INSOLENT TO STAFF MEMBER |
| 04-24-2007 | 310 : BEING ABSENT FROM ASSIGNMENT |
| 04-12-2006 | 222 : POSSESSING INTOXICANTS |
| 02-13-2004 | 316 : BEING IN UNAUTHORIZED AREA |
| 07-01-2003 | 312 : BEING INSOLENT TO STAFF MEMBER |

### Discipline Summary

Inmate Chavez has maintained clear conduct since June of 2013. His last violent incident was for fighting, in 2011 and he has not ever incurred a 100 series / Greatest Severity Incident Report. He last possessed intoxicants in 2006, advising it was due to his possession of homemade 'shine'. He has not ever incurred a sanction for possession or use of drugs. Inmate Chavez presents no management concerns at this time and has no known disciplinary issues.

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|---|---|---|---|---|
| CLP | A-DES | TRANSFER RECEIVED | 07-17-2014 | CURRENT |
| THP | A-DES | TRANSFER RECEIVED | 09-01-2011 | 07-02-2014 |
| CAA | A-DES | OTHER AUTH ABSENCE RETURN | 06-15-2010 | 08-31-2011 |
| CAA | A-DES | TRANSFER RECEIVED | 05-14-2009 | 06-14-2010 |
| LEW | A-DES | TRANSFER RECEIVED | 09-15-2008 | 05-14-2009 |
| VIP | A-DES | US DISTRICT COURT COMMITMENT | 09-29-2005 | 09-11-2008 |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 02-03-2006 |
| CARE1-MH | CARE1-MENTAL HEALTH | 09-09-2010 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 01-21-2005 |
| YES F/S | CLEARED FOR FOOD SERVICE | 10-01-2008 |

### Current PTP Assignments

| Assignment | Description | Start |
|---|---|---|

NO ASSIGNMENTS

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED EXEM | DRUG EDUCATION EXEMPT | 09-18-2019 |
| NR PART | NRES DRUG COUNSEL PARTICIPANT | 09-18-2019 |

### Physical and Mental Health Summary

Inmate Chavez does not appear to have any visible mental or physical disabilities and has not communicated any to this unit team. He appears capable of securing an obtaining full time employment, caring for and supporting himself and becoming a contributing member of society.

### FRP Details

Most Recent Payment Plan



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CHAVEZ, JAIME  21789-112

SEQUENCE: 00151907
Report Date: 01-10-2020

Most Recent Payment Plan

**FRP Assignment:**    **COMPLT**    **FINANC RESP-COMPLETED**    **Start: 03-15-2007**
**Inmate Decision:**    **AGREED**    **$25.00**    Frequency: **QUARTERLY**
Payments past 6 months:    **$0.00**    Obligation Balance: **$0.00**

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|-----|------|--------|---------|---------|--------|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### Financial Responsibility Summary

Inmate Chavez satisfied his FRP obligation. The following are his institutional account balances:
Account Balance: $0.09
 Pre-Release Balance: $0.00
 National 6 Months Deposits: $1,712.00
 National 6 Months Withdrawals: $1,755.21
He is not under encumbrance, is not an indigent inmate and spends normally and regularly at the Commissary. He is supported by his work details and his family, who sends him money on a regular basis.

### Release Planning

Inmate Chavez plans to reside with his family, in California, with his mother, whose home is located near the family business. As stated above, he plans to continue in his attempt to obtain his GED, will continue to crochet and donate his creations to the local hospital NICU.

### General Comments

While inmate Chavez has been assigned to this caseload, he has been making crochet items for donation. This unit team has been in contact with outside individuals in a joint project to allow him to make and send crochet blankets to NICU babies. Recently, he made and donated blankets for a program called REAP, which is a program that helps inmates who are being released. Chavez also recently helped save the life of another inmate: while locked down, he observed another inmate, in another cell, appearing to be in distress and fall unconscious. Inmate Chavez alerted Officers and the inmate who had been in medical distress was attended to. it should be noted that if inmate Chavez had not acted as he did, the other inmate most likely would not have lived.

Inmate Chavez presents no management issues or concerns and maintains a high level of professionalism and respect when communicating with others.

He is an eleven point, high security-level inmate and is designated to this institution, due to his sentence length. He  is routinely reviewed for a lesser security transfer and is eligible. He has requested to remain at this institution pending court decisions.



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CHAVEZ, JAIME  21789-112

SEQUENCE: 00151907
Report Date: 01-10-2020

|  |  |
|---|---|
| Name: | CHAVEZ, JAIME |
| Register Num: | 21789-112 |
| Age: | 45 |
| Date of Birth: | 10-02-1974 |
| DNA Status: | CAA02614 / 05-26-2011 |

Inmate   (CHAVEZ, JAIME, Register Num: 21789-112)

Date   1/10/2020

Chairperson

Date

Case Manager

Date   1/10/2020

**EXHIBIT**
**D**

---

**ADDITIONAL CERTIFICATES OF REHABILITATION/SHOWING OF REHABILITATION.**

# REAP 2017
# Re Entry Alliance of Pensacola, Inc.
# Annual Art Show



FCC Coleman is participating for the fourth consecutive year in the Re Entry Alliance of Pensacola. REAP is sponsoring its Annual Inmate Art Show, which will showcase the works inmates create using simple supplies and their imaginations. REAP hopes the art show will bring awareness to and raises necessary funds for their non-profit organization, which provides a variety of resources including: casework, mentoring, housing, transportation, and employment opportunities to newly released inmates in hopes of improving their chances of a crime free, self-sufficient lifestyle. All participants will receive a certificate for their donations from the REAP representatives.

If you are interested in donating to the Art Show, submit your cop-out to Mr. McCaskill in the Recreation Department Leisure Center stating what you are donating. All donations must be received by September 1, 2017. If you have any questions or concerns about this program, come see me...

F. McCaskill, Recreation Specialist

RE-ENTRY ALLIANCE PENSACOLA, INC.

# 2016 ART AND CRAFTS SHOW

AWARDS THIS CERTIFCATE OF

# HONORABLE MENTION

TO

# JAMIE CHAVEZ

F.C.C. COLEMAN USP-1

NOVEMBER 5, 2016

_VINCE WHIBBS, JR., REAP EXECUTIVE DIRECTOR_

_KEVIN EASON, DIRECTOR OF DEVELOPMENT_

RE-ENTRY ALLIANCE PENSACOLA, INC.

2017 INCARCERATED ARTISTS ART AND CRAFTS SHOW

AN EXHIBITOR IN THE GREAT GULFCOAST ARTS FESTIVAL

PRESENTS THIS

AWARD OF DISTINCTION

TO

JAIME CHAVEZ

FCC-COLEMAN//USP-2

OCTOBER-NOVEMBER 2017



KEVIN EASON, DIRECTOR OF OPERATIONS

VINCE WHIBBS, JR., EXECUTIVE DIRECTOR



# CERTIFICATE OF COMPLETION

*AWARDED TO*

## Jamie Chavez

*For completing all requirements of the*

### Non-Residential Drug Abuse Program

*FCC Coleman – USP2, Florida*

*Awarded this 13th day of January, 2020*

A.D. Gay
Drug Treatment Specialist
FCC Coleman – USP2
Psychology Services

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

196

UNITED STATES OF AMERICA,
                              Plaintiff

               Vs.                                 USDN.S8-02-cr-1301-004

JAIME CHAVEZ,                          ONJECTION TO THE PRESENTENCE RE-
                                       PORT ("PSR").
_____/


        Comes Now, **Jaime Chavez**, pro se, respectfully submits his

objection to supplemental Presentence Report (PSR). In support

thereof, state the following:

        1). On February 13, 2020, Dawn Doino, submitted a supplemental

PSR in which concludes that Mr. Chavez the Defendant is precluded

from a sentence reduction, however, such paragraph couldn't

be further from the truth, "Infact, notably, the First Step

Act, 'was enacted to further increase the use of compassionate

release and...explicitly allows courts to grant such motions

even when BOP finds they are not appropriate under Extraordinary

and compelling circumstances.'" Beck, 2019 WL 2716505, at *16.

See United States v. Cantu, 2019 WL 2498923, at *4 (S.D. Tex.

June 17, 2019)(explaining "defendant no longer need the blessing

of the BOP to bring such motions).See also, Urkervich, 2019

WL 6037391 (D. Neb. Nov. 14, 2019)(same).

        Most recently, the District court of Utah granted 3582 "Compa-

ssionate Release" relief on §924(c) case in United States v.MauMau,

(No.2:08-cr-00758-TC-11)(D.Utah Feb. 18, 2020). As background,

mauMau was sentenced to 57 years in prison for racketeering

conspiracy, Hobbs Act Robbery and assault with a dangerous weapon.

The sentence was later reduced to 55 years following an appeal. Now, after having served approximately ten years in prison, MauMau filed a motion to reduce his sentence under 18 U.S.C. §3582(c)(1)(A). The Court joined the majority of other district courts that have addressed this issue concluding it has the discretion to provide relief to Mr. MauMau, even if his situation does not [fall] directly within sentencing commission's current policy statement. Under the First Step Act, it is for the Court not the Director of the Bureau of Prisons, to determine whether there is an "extraordinary and compelling rteason" to reduce a sentence....

The Court rejected Government's objections and concluded that a combination of factors such as age at the time of commission of the offense, the incredible length of the mandatory sentence imposed, and the fact that, if sentenced today, he would not be subject to such long term of imprisonment establish an extraordinary and compelling reason to reduce Mr. MauMau's sentence....

For which this Court should do nothing less in this matter.

Therefore, Mr. Chavez files his objection to supplemental PSR demonstrating that he does qualify for relief on "extraordinaand compelling reasons."

Respectfully Submitted,

/s/

Jaime Chavez#21789-112
FCC COLEMAN USP#II
P.O. BOX 1034
Coleman, Fl 33521

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Janice Sandt, U.S. Attorney Office by U.S. Mail Service on this 3 day of mArch , 2020.