```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    02 CR 1301 (VM)
                                    :
          - against -               :    ORDER
                                    :
JAIME CHAVEZ,                       :
                                    :
                    Defendant.      :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2021

**VICTOR MARRERO, United States District Judge.**

By letter dated June 23, 2020, defendant Jaime Chavez ("Chavez") requested appointment of counsel to assist him in briefing a motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(i)(A). (See Dkt. No. 197.) Upon review of his submissions, the Court determined that "appointment of counsel would be beneficial in this case," and appointed the Federal Defenders of New York to assist Chavez in the evaluation of his claims. (Id.)

Subsequently, the Federal Defenders of New York discovered a conflict, and the Court issued an order on August 21, 2020, substituting counsel and appointing C.J.A. attorney Peter Brill of Brill Legal Group, P.C. to assist Chavez as previously directed. (See Dkt. No. 199.)

By letter dated February 11, 2021, Chavez informed the Court that he had spoken to Peter Brill "briefly" but was unable to address his concerns during the conversion, and had had significant difficulty contacting his attorney since

then. (See Dkt. No. 200.) Accordingly, the Court directed Peter Brill to respond to the matter raised in Chavez's letter. (Id.) Since then, there has been no record of any proceedings or filings of any papers or correspondence with the Court.

By submission dated August 3, 2021, Chavez again moved, pro se, for compassionate release or reduction of sentence under 18 U.S.C. § 3582 (c)(1)(A), explicitly referencing his previous motion and raising substantially similar arguments. (See attached motion.)

Accordingly, counsel for Chavez, Peter Brill, is hereby directed to respond, within three (3) days of the date of this Order, regarding the status of the pending motions and his intention with regard to future proceedings in this matter.

**SO ORDERED.**
Dated:   New York, New York
         16 August 2021

_____
Victor Marrero
U.S.D.J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIME CHAVEZ,
    Petitioner,

V.

UNITED STATES OF AMERICA,
    Respondent.

No. S8-02CR-1301-04 (GEL)

AMENDED MOTION FOR REDUCTION OF SENTENCE
UNDER 18 U.S.C. § 3582(c)(1)(A). THE
FIRST STEP ACT OF 2018

COMES NOW, Jaime Chavez, the Petitioner, pro se, hereby moves pursuant to Section 603 of the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release and amending his previous pending motion therein. In support thereof, submits the following:

1. Petitioner will reinstate and incorporate each and every paragraph and arguments of his original motion.

I.

Mr. Chavez is eligible for, and merits compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as modified by Section 603 of The First Step Act of 2018. As an initial matter, Mr. Chavez's motion is timely, as more than 30 days have

-1-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIME CHAVEZ,
　Petitioner,

v.

UNITED STATES OF AMERICA,
　Respondent.

No. S8-02CR-1301-04 (GEL)

AMENDED MOTION FOR REDUCTION OF SENTENCE
UNDER 18 U.S.C. § 3582(c)(1)(A). THE
FIRST STEP ACT OF 2018

　　COMES NOW, Jaime Chavez, the Petitioner, pro se, hereby moves pursuant to Section 603 of the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release and amending his previous pending motion therein. In support thereof, submits the following:

1. Petitioner will reinstate and incorporate each and every paragraph and arguments of his original motion.

## I.

　　Mr. Chavez is eligible for, and merits compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as modified by Section 603 of The First Step Act of 2018. As an initial matter, Mr. Chavez's motion is timely, as more than 30 days have

-1-

elapsed since he submitted his administrative request for compassionate release to the Warden.[1] Moreover, as outlined below, compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by The First Step Act is merited.

A. The First Step Act of 2018 expanded defendant's access to compassionate release - and the court's discretion to grant release.

Congress amended title 18 U.S.C. § 3582(c)(1)(A), in Section 603 of The First Step Act of 2018. See Pub. L. No. 226-391, §603, 132 Stat. 5194, 5238-40 (2018). The amendment was explicitly to expand federal compassionate release, and to allow courts to grant relief — even when BOP finds release inappropriate.[2] In relevant part, the compassionate release statute now states:

> (A) The Court... upon motion of the defendant after... relapse from the receipt of such a request by the Warden of the defendant's facility... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
> 
> (i) extraordinary and compelling reasons warrant such a reduction... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission... 18 U.S.C. § 3582(c)(1)(2020)(emphasis added).

Under the pre-First Step Act guidelines 'pertinent policy statement, extraordinary and compelling reasons existed if, for example:

> [T]he defendant is suffering from a serious physical or medical condition... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§1B1.13, cmt. n.1(A). The Guidelines commentary also includes a catch-all provision for "extraordinary and compelling reasons other than, or in combination with," the defendant's medical condition or impairment. Id. at Cmt. N.1(D).

---

[1] See: § 3582(c)(1)(A)(authorizing defendant to file compassionate release motion with the district court 30 days after his request to Warden was denied.

[2] See: 164 Cong. Rec. 57314-02, 2018 WL 6350790 (Dec. 5, 2018)(Statement of Sen. Cardin, Co-sponsor of First Step Act)("The bill expands compassionate release... and expedites compassionate release applications").

-2-

However, many courts have observed that because "the U.S. Sentencing Commission's guidance has not been updated to reflect the liberation of the procedural requirements" in The First Step Act, see United States v. Gagne, 2020 WL 1640152 *2 (D.Conn. Apr. 2, 2020), appeal pending, No. 20-1169 (2nd Cir.) "[T]here is no policy statement applicable to motions for compassionate release filed by defendant's under The First Step Act." United States v. Beck, 2019 WL 2716505 *6 (M.D.N.C. Jun. 28, 2019).

Thus, "[W]hile the old policy statement provide helpful guidance, it does not contain the court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under §3582(c)(1)(A)(i)." Id. As a result, this Court is free to make its own determination, unconstrained by the guidelines or the BOP's determination, about whether extraordinary and compelling reasons support Mr. Chavez's motion. See, United States v. Hope, No. 07-cr-06108-KMW, DE 479:3-5 (S.D. Fla. Apr. 10, 2020), appeal pending, No. 20-11773 (11th Cir.); Coleman v. United States, 2020 WL 3039123, at *2 (E.D. Va. Jun 4, 2020) ("U.S.S.G. § 1B1.13 is now outdated following passage of The First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the court's application of §3582(c)(1)(A)"); United States v. Young, 2020 WL 1047815 (M.D. Tenn. 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction. Accordingly, the district court's themselves have the power to determine what constitute a extraordinary and compelling reason for a sentence reduction/compassionate release."); United States v. Mondaca, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) ("A growing number of district court's have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release... because the commission never harmonized its policy statement with the FSA"); United States v. Bradshaw, 2019 WL 7605447, *3 (M.D.N.C. Sept. 12, 2019) (noting that "there is no policy statement applicable to a defendant's motion for compassionate release which constrains the court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under §3582(c)(1)(A)(i)").

Defendant recognizes that the First Step Act's changes to §924(c) penalties are not applied retroactively, but nonetheless argues that this court has the discretion to find that his lengthy §924 penalty is an extraordinary and compelling reason under §3582 to reduce his sentence. While the Eleventh Circuit has not decided whether §3582 allows for a sentence reduction based on an amended sentencing scheme, circuit court's have found that district court's may use their discretion to reduce §924(c) sentences via compassionate release. See, United States v. Brooker, 976 F.3d 228, 238 (2nd Cir. 2020) (holding that

-3-

the "First Step Act freed district court's to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" including lengthy § 924(c) sentences); see also, United States v. McCoy, 981 F.3d. 271, 286 (4th Cir. 2020) ("the fact that Congress chose not to make §403 of the First Step Act categorically retroactive does not mean that courts may [not] consider that legislator change in conducting their individualized reviews of motions for compassionate release under § 3582(c)(1)(A)(i)"); See United States v. McCurry, 2021 U.S. Dist. LEXIS 4913 (M.D.Fla. Jan.4, 2021); also see, United States v. Jones, 980 F.3d. 1098, 1109 (6th Cir. 2020) ("until the sentencing commission updates § 1B1.13 to reflect The First Step Act, district court's have full discretion in the interim to determine whether an extraordinary and compelling reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion,"); see also, United States v. Gunn, 980 F.3d. 1178, 1181 (7th Cir. 2020) (finding that until § 1B1.13 is amended to reflect the First Step Act's changes to its procedures, district judges must operate under the statutory criteria—extraordinary and compelling reasons—subject to differential appellate review.)

As noted in McCoy, several "district courts have concluded that the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an extraordinary and compelling reason for relief under § 3582(c)(1)(A)." 981 F.3d. 271 at 285 (citing United States v. Bryant, crim.no. 95-202-CCB-3, 2020 U.S. Dist. LEXIS 75681, 2020 WL 2085471, at *5 (D.Md. Apr. 30, 2020); Jones, 980 F.3d. at 1098; United States v. Haynes, 456 F.Supp. 3d 496, 514-16 (E.D.N.Y. 2020); United States v. Redd, 444 F.Supp. 3d 717, 723-24 (E.D.Va. 2020); United States v. Young, 458 F.Supp. 3d 838, 848 (M.D.Ten. 2020); United States v. Maumau, No. 2:08-cr-00758-TC-11, 2020 U.S. Dist. LEXIS 28392, 2020 WL 806121, at *7 (D.Utah Feb. 18, 2020)). For which applying the above reasoning to this case, the Court should find that the First Step Act's amendments to § 924(c) calculation changes, when considered in conjunction with relevant § 3553(a) factors that may constitute an extraordinary and compelling reason to reduce the remainder of a defendant's sentence.

In Maumau, as stated above, the district court ruled "that the changes in how § 924(c) sentences are calculated" after the First Step Act could help serve as a "compelling and extraordinary reason" to justify resentencing. Nothing in the district court's decision indicates that the district court granted relief based upon its general disagreement with

the mandatory sentences that are required to be imposed in connection with §924(c) convictions. Nor was the district court's decision based solely upon its disagreement with the length of Mauman's sentence in particular. Rather, the district court's decision indicates that its finding of "extraordinary and compelling reasons" was based on its individual review of all the circumstances of the case and its conclusion "that a combination of factors" warranted relief, including; Mauman's young age at the time of sentencing, the "incredible" length of his mandatory sentences under §924(c); and the fact that Mauman, if sentenced today..., would not be subject to such a long term of imprisonment." See also, United States v. Jones, 980 F.3d 500 (6th cir. 2021) (same).

B. Furthermore, this Court should take into account for an extraordinary and compelling reason for relief the more dangerous and more transmissible Delta Variant that has spread to nearly every state in the U.S. The Variant was first identified in India and is now considered a variant of concern by the U.S. Center for Disease Control Prevention, meaning scientists believes it can spread more easily or cause more severe diseases. The Delta now accounts for about 1 in every 5 new coronavirus infections in the U.S. The CDC has said, see https://www.covid.cdc.gov.

There has been a multitude of comments regarding incompetent federal prison medical care, but more important, is that National Media appears to have new interest in this story. Union leaders, prison health care workers and advocates for prisoners' rights said it was troubling that people leading the federal prison system's health services division during the Covid-19 crisis lacked medical licenses. The prison system came under fire last year from politician's and union leaders for pressuring guards to report to work sick, failing to follow its own pandemic plan and buying knock-off N-95 masks. "This is why our agency is broken," said Joe Rojas, a union leader who works at Coleman Prison Complex in Florida. "You have people who are unqualified and you have a medical pandemic, but the leadership has zero medical background. See, www.TheMarshallProject.org.

In fact, a new study of federal facilities in the United States, finds that 36% of federal prisoners have been infected, a far higher percentage than the general population. It rates the DOJ Covid website as a D-, primarily for significantly undercounting active cases. See "CLA LAW Covid-19 Behind Bars Project," UCLA Law School 3/17/21. More and more studies and publications support the fact even those who have "recovered" from Covid-19, also known as "long Covid," patients will suffer side effects for years, and require close medical attention and monitoring a level of treatment non-existent in the federal prison system. One physician noted that "individuals who had recovered from Covid-19 had significantly damaged lungs, worse than those of

-5-

lifelong heavy smokers," Dr. Brittany Bankhead-Kendall, M.D. "All the survivor's and the people who have tested positive... is... going to (have a) problem," she said. CBS News, Dallas Ft. Worth, 1/13/21.

Another researcher said, "what we have found is that some patients with Covid-19, the virus triggers an autoimmune reaction... The virus tricks the body into attacking itself," Dr. Swati Deshmukh, asst. prof. at N.W. University School of Medicine in "skeletal radiology," 2/17/21. "Imaging (CT, MRI, ULTRASOUND) can help explain why someone might have prolonged musculoskeletal systems after Covid-19, directing them to seek the right physician for treatment, such as rheumatologist or dermatologist." Moreover, Public Health officials say Delta is very risky to people. It is about 50% more transmissible than the current dominant U.S. strain, Alpha, which itself is 50% more transmissible than the most commonly circulating strain last year. "This variant represents a set of mutations that could lead to a more dangerous variant," said Center for Disease Control and Prevention Director Rochelle Walensky.

In short, Petitioner is at risk of contracting the Delta variant that can cause death and/or unrepairable damage to him or his health, along with his §924(c) long sentence that constitute an "extraordinary and compelling reason" for relief.

## II.
## CONCLUSION

WHEREFORE, "upon good cause shown," Petitioner prays that this honorable court grant compassionate release/reduction of sentence to time served.

RESPECTFULLY SUBMITTED,

/s/ _____

Jaime Chavez #21789-112
Fcc Coleman USP #2
P.O. Box 1034
Coleman, FL. 33521

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the office of the U.S. Attorney on this 3 day of August 2021.

-6-

Jorge Chavez #61786-HC
Federal Correctional Complex-USP-L
PO Box 1034
Coleman FL 33521

United States District Court
Southern District of New York
Senior US District Judge
Victor Marrero
40 Centre Street