```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT            DOC #:_____
SOUTHERN DISTRICT OF NEW YORK           DATE FILED: 5/30/24
```

UNITED STATES OF AMERICA

            - against -

JAMIE CHAVEZ,

                  Defendant.

02 Cr. 1301 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

For the second time, defendant Jamie Chavez ("Chavez") moves the Court for a reduction in his term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (See Dkt. No. 213 [hereinafter the "Motion" or "Mot."].) For the reasons below, the Motion is denied without prejudice.

### I. BACKGROUND

#### A. THE UNDERLYING CRIMINAL CASE

In January 2005, following a jury trial, Chavez was convicted of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 ("Count One") and of possession, in furtherance of the predicate cocaine trafficking conspiracy, of a firearm equipped with a silencer in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii) ("Count Two"). See United States v. Chavez, 549 F.3d 119, 123 (2d Cir. 2008).

1

Prior to the trial, the Government informed Chavez that, because of a 1998 conviction for a drug offense under California law, he was subject to enhanced penalties set forth in 21 U.S.C. § 841(b)(1)(A). (See Dkt. No. 221 [hereinafter "Gov't Mem."] at 1–2.) At the time of Chavez's sentencing, therefore, the mandatory minimum sentence applicable to Chavez for Count One was 240 months' imprisonment, and the mandatory minimum sentence for Count Two was 360 months' imprisonment. (See id. at 2.)

On June 27, 2005, Judge Gerard E. Lynch sentenced Chavez to 300 months' imprisonment on Count One and 360 months' imprisonment on Count Two. (See id.) Judge Lynch observed that he was required by statute to impose a sentence on Count Two that would run consecutively to the sentence on Count One. See Chavez, 549 F.3d at 133. Moreover, Judge Lynch concluded that once he had calculated an appropriate sentence for Chavez on Count One, i.e., the predicate offense, he lacked authority to reduce that sentence because of the length of the mandatory minimum sentence he was required to impose on Count Two. Accordingly, Chavez was sentenced to a total of 660 months' (i.e., 55 years') imprisonment. See id. at 123.

Judge Lynch opined, however, that he believed it was "difficult to conclude that a sentence of [nearly] 60 years in prison for a 30-year-old man who has no actual violent

2

crimes to his record is necessary to protect the public or to adequately punish him for his crimes." (See Dkt. No. 89 at 17.) Moreover, he said,

> I have . . . no trouble imposing a serious sentence. At the same time, it has to be recognized that the mandatory minimum for the mere possession of this weapon in connection with a drug crime carries a longer mandatory sentence than the maximum punishment for such crimes as rape or aggravated assault. It's difficult to make sense of such a sentence.

(Id. at 17–18.)

Chavez appealed, arguing that Judge Lynch erred in concluding that, having determined that 300 months' imprisonment was the appropriate sentence for Count One (i.e., the predicate offense), he had no authority to reduce that sentence on account of the severity of the sentence he was required to impose on Count Two (i.e., the 18 U.S.C. § 924(c) offense). See Chavez, 549 F.3d at 123. The Second Circuit affirmed Chavez's sentence, rejecting his argument as inconsistent with the reasoning set forth in United States v. Stanley, 928 F.2d 575 (2d Cir. 1991). See Chavez, 549 F.3d at 131–35, 137.

In 2020, Chavez filed his first motion for compassionate release. (See Dkt. No. 197.) On May 4, 2022, the Court denied that motion after Chavez's lawyer advised the Court that there was no viable argument in support of the motion. (See Dkt. No. 212.)

B.   SUBSEQUENT LEGAL DEVELOPMENTS

The law has undergone three relevant changes since Chavez was sentenced — and, with respect to the third change, since Chavez filed his first motion for compassionate release. First, in 2017, the Supreme Court abrogated Stanley and Chavez, holding that "[n]othing in [18 U.S.C. § 924(c)] prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." See Dean v. United States, 581 U.S. 62, 71 (2017). As the Government concedes, "Judge Lynch explicitly stated that he was required to impose a sentence for Count One [i.e., the predicate offense] that did not take into account the 30-year mandatory minimum sentence that had to be imposed for Count Two," i.e., the § 924(c) offense. (Gov't Mem. at 4.)

Second, in 2018, Congress passed the First Step Act. That law "changed the predicate offense necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(A)" such that, if Chavez were sentenced today, his 1998 conviction under California law would not qualify him for such enhanced penalties, and the mandatory minimum sentence on Count One would be 120 months (i.e., 10 years) rather than 240 months. (Id.)

Finally, in 2023, certain amendments to the Federal Sentencing Guidelines (the "Guidelines") took effect. As relevant here, Section 1B1.13 of the Guidelines ("Policy Statement 1B1.13") now contains the following provision:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason [for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Policy Statement 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023).

C. PROCEDURAL HISTORY

In the instant Motion, dated January 9, 2024 and styled as an "AMENDED MOTION," Chavez argues that the Court should reduce the term of his sentence of imprisonment because of the combined effect of the three legal developments mentioned above. (Mot. at 1–2.) He contends that the Court "has the power" under 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence on Count One to "one day," which would require him to serve "around 3 more years on top of the two decades he has been incarcerated to date." (Id.)

The Government responded on May 1, 2024. (See Gov't Mem. at 1.) The Government argues that Chavez's Motion should be denied "on both procedural and substantive grounds." (Id.)

5

The Government contends that Chavez has not exhausted his administrative remedies, that no extraordinary and compelling reason warrants a reduction in Chavez's sentence, and that a sentence reduction would be inconsistent with the factors courts are required to consider in weighing whether to grant relief under the compassionate release statute. (See id.) Further, the Government raises an issue that the Court believes might be one of first impression — namely, the Government argues that the promulgation by the U.S. Sentencing Commission (the "Sentencing Commission" or "Commission") of Policy Statement 1B1.13(b)(6) exceeded the Commission's statutory authority to codify a definition of the term "extraordinary and compelling reasons." (Id. at 5-6.)

Chavez then filed a reply brief, dated May 10, 2024, in which he argues, among other things, that the compassionate release statute's administrative exhaustion requirement does not prohibit the Court from granting a sentence reduction under the current circumstances. (See Dkt. No. 222 [hereinafter "Reply"] at 1-2.)[1] Accordingly, the Motion is ripe for resolution by the Court.

---

[1] Chavez also asks the Court to order the Bureau of Prisons to file copies of certain documents that he submitted in support of the Motion but that were apparently lost in the mail. (See Reply Ex. A.)

6

## II.   **DISCUSSION**

Chavez[2] brings his Motion under 18 U.S.C. § 3582(c)(1)(A)(i). (See Mot. at 1.) For compassionate release[3] to be granted under that provision,

- the defendant must comply with the statute's administrative exhaustion requirement;
- the defendant must show extraordinary and compelling reasons that, consistent with Policy Statement 1B1.13, warrant a sentence reduction;
- the Court must find that the sentencing factors set forth in 18 U.S.C. § 3553(a) are consistent with a lesser sentence than that previously imposed; and
- the Court must find that there is a *particular* sentence reduction consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and warranted by extraordinary and compelling reasons.

See United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *2–4 & n.3 (S.D.N.Y. Nov. 30, 2023); United States v. Rengifo, 569 F. Supp. 3d 180, 187 (S.D.N.Y. 2021).

---

[2] The Court notes that Chavez is a pro se litigant. His submissions thus must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)). The Court must construe Chavez's submissions "liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

[3] As the Second Circuit has explained, "compassionate release is a misnomer. [The statute] in fact speaks of sentence reduction. A district court could, for instance, reduce but not eliminate a defendant's prison sentence." United States v. Garcia, 505 F. Supp. 3d 328, 330 (S.D.N.Y. 2020) (quoting United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020)).

Chavez has not exhausted his administrative remedies as required under the compassionate release statute. See 18 U.S.C. § 3582(c)(1)(A) (allowing a defendant to file a motion for sentence reduction in court only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Indeed, Chavez's opening submission in support of the Motion did not even mention the administrative exhaustion requirement, let alone include evidence that he satisfied the requirement. Accordingly, the Motion must be denied without prejudice. See United States v. Scott, No. 13 Cr. 271, 2022 WL 7108954, at *1–2 (S.D.N.Y. Oct. 11, 2022) (denying compassionate release motion without prejudice "for a failure to exhaust administrative remedies under the statute").

In his Reply, Chavez does not deny that he failed to present his current arguments in support of the Motion to the Bureau of Prisons ("BOP") before seeking relief in this Court. Instead, he relies on United States v. Herrera, in which another Judge in this District analyzed whether so-called "issue exhaustion" is required under the compassionate release statute. See No. 17 Cr. 415, 2023 WL 3614343, at *4

(S.D.N.Y. May 24, 2023). In Herrera, the Government argued that the defendant's motion for a sentence reduction should be denied on "issue exhaustion" grounds because the motion she filed in court "raise[d] new arguments not presented in her administrative petition" to the BOP. Id. Noting that courts in this District had disagreed with respect to the question, Judge Crotty concluded that issue exhaustion was not required. See id. But in Herrera, unlike here, the defendant had concededly "pursued — and been denied — sentencing relief through the proper administrative channels." (Id.) Consequently, Chavez's reliance on Herrera is misplaced.

Chavez's position appears to be that the administrative exhaustion requirement does not bar a sentence reduction here because he exhausted his administrative remedies with respect to the *first* compassionate release motion that he filed in 2020. (See Reply at 1.) Chavez seems to believe that styling his latest Motion as an *amended* motion allows him this time around to bypass the administrative exhaustion process altogether. In other words, Chavez appears to contend that there has only been one compassionate release motion — i.e., that the Motion filed in 2024 merely amends the motion filed in 2020. If that was so, and assuming for the sake of argument that Herrera is correct and that issue exhaustion is not

9

required, Chavez would be entitled to a decision on the merits.

But Chavez is wrong — the instant Motion is his *second* motion for compassionate release. His first motion was denied by the Court in 2022 (see Dkt. No. 212) and is no longer pending. He cannot revive the first motion and avoid the administrative exhaustion requirement by simply adding the word "AMENDED" to his Motion. The Court must therefore deny Chavez's Motion without prejudice.[4]

The Court makes one further observation. Although it does not reach the merits with respect to the instant Motion, the Court notes that Chavez's argument in support of his request for a sentence reduction does not appear to be wholly without merit. And although the Government argues that Chavez would under current law receive a sentence similar to the one Judge Lynch imposed in 2005, the Government concedes (1) that Judge Lynch relied while sentencing Chavez on Second Circuit precedent that was good law at the time but that has since been abrogated by the Supreme Court, and (2) that if Chavez were sentenced today, the First Step Act would reduce by half the mandatory minimum sentence that previously applied to Count One. Thus, if Chavez properly exhausts his

---

[4] Chavez's request (see Reply Ex. A) that the Court order the BOP to file certain documents in support of the Motion is accordingly denied as moot.

10

administrative remedies and moves again for compassionate release in this Court, the Court may conclude that it would be appropriate to appoint an attorney to represent Chavez with respect to such a motion. See United States v. Dozier, No. 18 Cr. 41, 2022 WL 836908, at *2 (S.D.N.Y. Mar. 21, 2022) (stating that the decision whether to appoint counsel with respect to a compassionate release motion is "left to the discretion of the district court, which may consider the merits of the defendant's motion as a 'significant factor in the exercise of that discretion'" (quoting United States v. Reddick, 53 F.3d 462, 465 n.2 (2d Cir. 1995))).[5]

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (see Dkt. No. 213) filed by defendant Jamie Chavez for a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is hereby **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jamie Chavez,

---

[5] Appointing counsel may well be especially appropriate in such a situation if the Government were to again raise its argument that the Sentencing Commission exceeded its statutory authority when it promulgated Policy Statement 1B1.13(b)(6), given the legal complexity of such an argument and the fact that Policy Statement 1B1.13(b)(6) took effect only recently.

Register No. 21789-112, FCI Tucson, Federal Correctional Institution, P.O. Box 23811, Tucson, AZ 85734.

**SO ORDERED.**

Dated:  30 May 2024
        New York, New York

Victor Marrero
U.S.D.J.