USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/21/2024__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

　　　　　　- against -

JAIME CHAVEZ,

　　　　　　　　Defendant.

---

**02 Cr. 1301 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

　　Pending before the Court is Defendant Jaime Chavez's ("Chavez") third motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (See Dkt. No. 225 [hereinafter the "Motion" or "Mot."].) For the reasons below, the Court reduces Chavez's 660-month sentence to 480 months.

## I.　BACKGROUND

### A. THE UNDERLYING CRIMINAL CASE

　　The facts underlying Chavez's conviction have been laid out in detail in this Court's prior decisions regarding Chavez's sentencing. See Chavez v. U.S., 02 Cr. 1301, 2024 WL 2846606 (S.D.N.Y. May 30, 2024); Chavez v. U.S., 764 F. Supp. 2d 638 (S.D.N.Y. 2011). Accordingly, the Court provides only a brief recitation of those facts germane to the instant motion.

　　In January 2005, a jury convicted Chavez of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 ("Count

One") and of possession, in furtherance of the predicate cocaine trafficking conspiracy, of a firearm equipped with a silencer, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii) ("Count Two"). See United States v. Chavez, 549 F.3d 119, 123 (2d Cir. 2008). Prior to the trial, the Government informed Chavez that, because of a 1998 conviction for a drug offense under California law, he was subject to enhanced penalties set forth in 21 U.S.C. § 841(b)(1)(A). (See Dkt. No. 221 [hereinafter "Gov't Mem."] at 1-2.) At the time of Chavez's sentencing, therefore, the mandatory minimum sentence applicable to him pertaining to Count One was 240 months' imprisonment, and the mandatory minimum sentence for Count Two was 360 months' imprisonment. (See id. at 2.) Each sentence had to be served consecutively.

On June 27, 2005, Honorable Gerard E. Lynch of this court sentenced Chavez to 300 months' (25 years) imprisonment on Count One and 360 months' (30 years) imprisonment on Count Two. (See Dkt No. 86 at 20.) Judge Lynch observed that he was required by statute to impose a sentence on Count Two that would run consecutively to the sentence on Count One. See Chavez, 549 F.3d at 133. Notably, Judge Lynch concluded that he had to independently decide the appropriate sentence for Count One, without considering the mandatory consecutive sentence he was required to impose on Count Two. (See id. at

18.) As a result, Judge Lynch concluded that a 25-year sentence on Count One, five years above the mandatory minimum, was reasonable given the quantity of cocaine involved and Chavez's leadership role in the organization. (Id.) Accordingly, Chavez was sentenced to a total of 660 months' imprisonment.

B. PROCEDURAL HISTORY

In 2020, Chavez filed his first motion for compassionate release. (See Dkt. No. 197.) On May 4, 2022, the Court denied that motion after Chavez's lawyer advised the Court that there was no viable argument in support of the motion. (See Dkt. No. 212.) On January 18, 2024, Chavez filed an amended motion to reduce his sentence. (See Dkt. No. 213.) The Government responded on May 1, 2024. (See Dkt. No. 221 [hereinafter "First Opposition" or "First Opp."].) Chavez replied on May 15, 2024. (See Dkt. No. 222.)  On May 30, 2024, the Court denied Chavez's amended motion without prejudice for failure to exhaust administrative remedies. (See Dkt. No. 223.)

On July 18, 2024, Chavez filed the instant motion for a sentence reduction. (See Dkt. No. 225.) Chavez argues that the Court should reduce the term of his sentence of imprisonment because certain non-retroactive changes in the law have produced a "gross disparity" between his current sentence and what his sentence would be if he were sentenced

today. Citing U.S.S.G. Section 1B1.13(b)(6) [hereinafter "subsection (b)(6)"], Chavez contends that this disparity constitutes an "extraordinary and compelling" reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

Chavez cites two legal developments that would have affected his sentence. The first is the U.S. Supreme Court's ruling that, when calculating an appropriate sentence for the predicate offense, a sentencing court can consider the mandatory minimum that other counts carry under 18 U.S.C. § 924©. See Dean v. U.S., 581 U.S. 62, 71 (2017). Chavez notes that during sentencing, Judge Lynch specifically commented that when calculating the sentence for the predicate Count One, he could not consider the 30-year mandatory minimum sentence that had to be imposed on Count Two. (See Dkt. No. 89 at 10-12.) Thus, for Count One, Judge Lynch added five years to the mandatory minimum due to the quantity of drugs in possession and Chavez's supervisory role in the drug organization. (Id. at 18.)

The second such development relates to the passage of the First Step Act of 2018 [hereinafter "First Step Act"]. Section 401 of the First Step Act [hereinafter "Section 401"] "changed the predicate offense necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(A)" such that if Chavez were sentenced today, his 1998 conviction under California

4

law would not qualify him for enhanced penalties and the mandatory minimum sentence for Count One would be 120 months (10 years) rather than 240 months (20 years). See Pub. L. No. 115-391, Tit. VI, § 401(a), 132 Stat. 5194, 5221.

On July 19, 2024, the Court appointed Criminal Justice Act counsel Michael Hueston to represent Chavez in connection with this motion. (See Dkt. No. 226.). The Government filed its response on May 1, 2024. (See Dkt. No. 230. [hereinafter "Second Opp." or "Second Opposition"].) In its Second Opposition, the Government incorporated the arguments in its First Opposition concerning the merits of Chavez's motion and further elaborated on its position that the Sentencing Commission lacked congressional authority to promulgate Section 1B1.13(b)(6) of the Sentencing Guidelines.

## II. DISCUSSION

### A. LEGAL STANDARD

Chavez seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this Section, once a defendant has exhausted his administrative remedies[1], a district court may reduce a defendant's sentence when (1) "extraordinary and compelling reasons warrant such a reduction," (2) the court has "consider[ed] the facts set forth in section 3553(a) to

---

[1] Chavez has adequately exhausted his administrative remedies in this case. (See Dkt. No. 225 at 4.)

the extent they are applicable," and (3) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(a)(1)(A); See also United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *2-4 & n.3 (S.D.N.Y. Nov. 30, 2023).

Congress directed the Sentencing Commission to "promulgate[] general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)" and to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

In turn, the Sentencing Commission promulgated Section 1B1.13, a policy statement which describes four categories of reasons that should be considered extraordinary and compelling. Section 1B1.13(b)(6) states: "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed,

and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).

B. THE SENTENCING COMMISSION'S AUTHORITY TO DEFINE
   EXTRAORDINARY AND COMPELLING REASONS AS CONTAINED IN
   SECTION 1B1.13(b)(6).

The Court will first address the Government's position that the Sentencing Commission exceeded its authority in promulgating subsection (b)(6) by allowing courts to consider a change in law, regardless of whether the law provides for retroactive application, when evaluating whether the defendant meets the extraordinary and compelling reason reflecting an unusually long sentence.

Chavez argues that the Court should consider the passage of the First Step Act, specifically section 401, as a change in law when evaluating whether he meets the criteria constituting an unusually long sentence. The Government counters that the Court may not consider Section 401 because the First Step Act does not make Section 401 retroactive. Given that several provisions of the statute explicitly provide for retroactive application, the Government posits that Congress's silence on the retroactivity of Section 401 bars the Sentencing Commission from categorizing sentencing disparities resulting from a change in the law as "extraordinary and compelling" reasons for a sentence

reduction. The Government correctly notes that in describing "extraordinary and compelling reasons" for a sentence reduction, the Sentencing Commission must remain "consistent with all pertinent provisions of any Federal statute." (See Second Opp. at 4 (quoting 28 U.S.C. § 994(t))). According to the Government, because the First Step Act did not expressly make Section 401's lower mandatory minimum retroactive, subsection (b)(6) runs afoul of Congress's statutory prohibitions by allowing courts to retroactively consider the change in the statute as an extraordinary and compelling reason supporting a sentence reduction.

The Second Circuit has yet to rule on the validity of subsection (b)(6) of the Sentencing Guidelines and no District Court therein has yet agreed with the Government's argument.[2]

In the absence of any controlling Second Circuit precedent speaking to the general question of how changes in sentencing law that are not explicitly retroactive impact the

---

[2] Various courts in other circuits have extensively discussed this issue. Generally, district courts that have agreed with the government's position did so under relevant circuit precedent which broadly held that non-retroactive changes to sentencing law can never be an "extraordinary and compelling" reason for a sentence reduction. See, e.g., United States v. Carter, 711 F. Supp. 3d 428, 439 (E.D. Pa. 2024); United States v. Brown, 97 Cr. 5, 2024 WL 1853379, at *2 (S.D. Tex. Feb. 6, 2024); United States v. Giaimis, 12 Cr. 74, 2024 WL 3498623, at *5 (W.D. La. July 22, 2024); United States v. Immel, No. 09 Cr. 09, 2024 WL 965614, at *4-5 (S.D. Miss. Mar. 6, 2024). The Second Circuit has not adopted such a rule.

"extraordinary and compelling" analysis under § 3582, this
Court concludes that the Sentencing Commission had ample
congressional authority to promulgate subsection (b)(6). 28
U.S.C. § 994(t) authorizes the Commission to "describe what
should be considered extraordinary and compelling reasons for
sentence reduction, including the criteria to be applied and
a list of specific examples." 28 U.S.C. § 994(t). Nowhere
does the statute bar courts from taking a change in law into
account in considering extraordinary and compelling reasons
for a reduction. In fact, "[t]he only statutory limit on what
a court may consider to be extraordinary and compelling is
that rehabilitation . . . *alone* shall not be considered an
extraordinary and compelling reasons." United States v.
Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (emphasis in
original) (discussing 28 U.S.C. § 994(t)). If Congress
intended to include an additional limitation on what courts
can consider when analyzing the six extraordinary and
compelling reasons the Commission has identified, it would
have included a similar restriction. United States v. Capps,
11 Cr. 108, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024)
("Congress could have drafted such a blanket prohibition into
§ 3582(c)(1)(A), as it did in 28 U.S.C. § 994(t) by specifying
that '[r]ehabilitation of the defendant alone shall not be

considered an extraordinary and compelling reason.'") (alterations omitted).

Congress expressly making certain provisions of the First Step Act retroactive does not otherwise reveal an intent to prohibit the Sentencing Commission from categorizing nonretroactive change in the law resulting in unusually long sentences as extraordinary and compelling reasons. When Congress does not make a change in sentencing law retroactive, it simply means the change cannot be applied universally to all affected defendants. United States v. Padgett, 713 F. Supp. 3d 1223, 1227 (N.D. Fla. 2024); see also United States v. McGee, 992 F.3d 1035, 1047 (10th Cir. 2021) ("there is a significant difference between automatic vacatur and resentencing of an entire class of sentences . . . and allowing for the provision of individual relief in the most grievous cases.")

Subsection (b)(6) does not make changes in the law retroactive for all affected defendants. Instead, a defendant can be resentenced only after he or she has served (i) at least 10 years (ii) of an unusually long sentence and (iii) a change in the law has produced a "gross disparity" between the particular sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6). Empowering courts to provide individual relief

10

to some defendants on a case-by-case basis is not the same as making a change in sentencing law retroactive, which would entitle all defendants to a resentencing without the individualized assessment as required here. As such, Congress's decision to not make Section 401 retroactive does not otherwise foreclose the Commission from promulgating subsection (b)(6), which does not list a change in law as an extraordinary and compelling reason but allows courts to consider a change in law when evaluating whether a defendant's sentence is unusually long.

Congress was not silent as to the Sentencing Commission's broad authority to define what is "extraordinary and compelling." Congress expressly directed the Sentencing Commission to promulgate policy statements describing extraordinary and compelling reasons warranting a sentence reduction. In the face of such a broad statutory mandate, the Court cannot interpret Congress's silence on this particular issue as a prohibition against the Commission's promulgation of a policy statement that factors non-retroactive changes in the law as an "extraordinary and compelling" reason for a sentence reduction. If Congress wanted to limit the Commission's authority to describe "extraordinary and compelling reasons" in this way, Congress would have clearly done so.

C. <u>EXTRAORDINARY AND COMPELLING REASONS</u>

1. <u>Amendment of 21 U.S.C. § 841(1)(A)</u>

Chavez argues that his twenty-five-year sentence on Count One constitutes an "unusually long sentence" under section 1B1.13(b)(6). The Court agrees.

First, Chavez satisfies the threshold requirement of serving at least 10 years, having served approximately 255 months as of the date of this order.

At the time Chavez was sentenced for violation of 21 U.S.C. § 841(1)(A)(ii), the statute provided for a minimum of 20 years in prison if an offender had committed such a violation "after a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(A)(ii) (eff. Nov. 2, 2002, to Mar. 8, 2006). Since then, Congress has amended the statute to change the predicate offense necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) from any "felony drug offense" to only "serious drug felonies." <u>See</u> Pub. L. No. 115-391, Tit. VI, § 401(a), 132 Stat. 5194, 5221. The statute defines "serious drug felonies" as "an offense under the Controlled Substances Act . . . for which a maximum term of

imprisonment of ten years or more is prescribed by law." <u>See</u>
18 U.S.C. § 924(e)(2).[3]

Accordingly, Chavez's previous conviction under California
law would no longer trigger enhanced penalties if he were
sentenced today because the maximum penalty for that
conviction is less than ten years. <u>See</u> Cal. Health & Safety
Code § 11351. As a result, if Chavez were sentenced today,
his mandatory minimum under Count One would be ten years,
rather than twenty, while his thirty-year mandatory minimum
for Count Two would remain the same.

The Government argues, without citing any authority, that
there can be "no gross disparity between the sentence [Chavez]
received and the sentence he would be likely to receive
today." <u>See</u> First Opp. at 5. The caselaw says otherwise.
Courts in various districts have found similar gaps in
sentencing terms to constitute a "gross disparity." <u>See</u>
<u>United States v. Monk</u>, 10 Cr. 197, 2024 WL 3936351, at *5
(S.D.N.Y. Aug. 26, 2024) (finding a difference between a 20-
year mandatory minimum and a 15-year mandatory minimum to be
a gross disparity); <u>United States v. Robinson</u>, 11 Cr. 147,
2024 WL 1557770, at *3 (S.D.N.Y. Apr. 10, 2024) (same); <u>United</u>

---

[3] Technically, the term "serious drug felony" in 21 U.S.C. § 841 is defined
in 21 U.S.C. § 802(57) as an offense described in 18 U.S.C. § 924(e)(2).
<u>See</u> 21 U.S.C. § 802(57).

States v. Vasquez, 96 Cr. 1044, 2024 WL 2385264, at *4
(E.D.N.Y. May 23, 2024) (finding a gross disparity between a
25-year and 10-year sentence). At minimum, the Court
considers the change in Section 841(b)(1)(A), and Chavez's
resulting unusually long sentence thereunder, as an
extraordinary and compelling circumstance warranting a
reduction of Chavez's sentence by 10 years.

    2. Dean v. United States

    Chavez also appears to request a sentence reduction on
the basis of the Supreme Court's ruling in Dean v. United
States, 581 U.S. 62, 69 (2017). (See Mot. at 2.) In that case,
the Supreme Court held that a District Court may consider 18
U.S.C. § 924(c)'s mandatory minimum when imposing a sentence
on the predicate offense. See Dean, 581 U.S. at 68. The Court
clarified that "[n]othing in the law requires" a District
Court to "calculate the appropriate term of imprisonment for
each individual offense" and to "disregard[] whatever
sentences the defendant may also face on other counts." Id.
at 68. The Court finds that this intervening change in the
law warrants an additional sentence reduction of 5 years.

    During Chavez's sentencing, Judge Lynch concluded that
he was required to "independently" decide what was an
appropriate sentence for Count One before imposing the
mandatory consecutive sentence on Count Two without

14

considering each sentence in the aggregate. See Dkt. No. 89 at 18. Accordingly, Judge Lynch imposed a 25-year sentence on Count One, five years above the mandatory minimum, due to the quantity of drugs found in Chavez's possession.  Judge Lynch extensively commented on the excessiveness of the 30-year mandatory minimum sentence on Count Two but ultimately concluded that he could not be "faithful to the law by lowering the narcotics sentence because the total sentence, including the mandatory consecutive sentence, appears too high." Id. at 18.

The question before the Court is whether Dean's intervening change in the law, given the individual facts this case presents, "may be considered" in determining whether Chavez has presented extraordinary and compelling reasons for a sentence reduction. In the instant case, the sentencing judge repeatedly raised concerns of the length of Chavez's aggregate sentence after noting that he could not consider the consecutive mandatory minimum on Count Two in calculating a sentence on Count One. See Brooker, 976 F.3d at 238 (considering a sentencing court's statements about the injustice of a length sentence as weighing in favor of a sentence reduction). It is clear from the transcript that Judge Lynch would have imposed a lower sentence on the predicate narcotics charge, very likely the mandatory

minimum, if he thought he could consider the consecutive mandatory minimum on Count Two. Judge Lynch observed that "it's difficult to conclude that a sentence of 60 years for a 30-year-old man who has no actual violent crimes to his record is necessary to protect the public or to adequately punish him for his crimes." (See Dkt. No. 89 at 17.)

Therefore, had Chavez been sentenced today, there is a substantial likelihood that his sentence for Count One would have not included the additional five years imposed by the sentencing court. "Five years in federal prison versus five years of liberty is a sizable part of an individual's life, during which they must contend with the psychological, emotional, and social challenges inherent in incarceration. Five years of incarceration surely feels like an eternity for [the defendant]." Monk, 2024 WL 3936351, at *5 (quoting Robinson, 2024 WL 1557770, at *3) (alterations in original). The Court finds that under the circumstances this case presents the five-year difference constitutes a "gross disparity" in sentencing terms. As such, there are extraordinary and compelling reasons to reduce Chavez's sentence by an additional five years, based on the change in the law announced in Dean v. United States.

The Government disagrees and argues that an intervening judicial decision interpreting a statute cannot constitute a change in the law, but the Court is not persuaded.

First, the Government's cited authority does not squarely address the question of whether an intervening judicial decision interpreting a statute constitutes a change in the law for purposes of § 1B1.13(b)(6).[4]

Second, courts have recognized various prospects for which a judicial interpretation of a statute constitutes a change in the law. For example, when deciding whether a party had an adequate opportunity to litigate a claim for res judicata purposes, a judicial interpretation of a statute can constitute an intervening change in the law. See Schaafsma v. Marriner, 634 F. Supp. 812, 814-15 (D. Vt. 1986) (holding that the Supreme Court's recent defining threshold requirements of a RICO action constituted an intervening change in applicable law). In addition, an intervening judicial decision can constitute a change in the law in the context of a motion for reconsideration per Federal Rule of

---

[4] Fiore v. White was decided under Pennsylvania law. See 531 U.S. 225, 228 (2001) (quoting the Pennsylvania Supreme Court's response to a certified question posed by the Supreme Court). Rivers v. Roadway Exp., Inc. does not even address the question of whether a judicial decision can constitute a change in the law. See 511 U.S. 298, 312-313 (1994). Finally, Fleming's holding was limited to whether a subsequent state judicial construction of a statute constituted an impairment of a contractual obligation. Fleming v. Fleming, 264 U.S. 29, 31 (1924).

Civil Procedure 54(b). See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 (clarifying that a change in the law by "a court higher in the hierarchy of a single court system" can constitute an intervening change of law that warrants reconsideration); see also Feltzs v. Cox Communications Cal., LLC., 562 F. Supp. 3d 535, 541 (C.D. Cal. 2021)(finding that a state decision interpreting a statute constituted a change in controlling law).

Adopting a bright-line rule that intervening judicial decisions interpreting a statute can never constitute a change in the law would conflict with widely accepted views on how judicial decisions can alter the legal landscape of a case. The Court is not inclined to adopt such a rule, nor has it seen any reason to believe that Congress or the Sentencing Commission intended a "change in the law" to apply only to legislative amendments in this context.

### 3. Evidence of Rehabilitation

The compassionate release statute provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). However, courts have held that evidence of rehabilitation in combination with other factors can constitute "extraordinary and compelling reasons" for a sentence reduction. See United States v. Torres, 464 F. Supp.

3d 651, 661 (S.D.N.Y. 2020); <u>United States v. Milan</u>, 91 Cr. 685, 2020 WL 1674058, at *7 (S.D.N.Y. April 6, 2020); <u>United States v. Phillips</u>, 469 F. Supp. 3d 180, 185 (S.D.N.Y. 2020). Chavez has provided strong evidence indicating that he continues to make a good faith effort at rehabilitation during his incarceration. Chavez successfully completed the Bureau of Prison's Non-Residential Drug Abuse Program, acquired his GED, and has disassociated from the criminal gang he was involved in through the BOP's Gang Disassociation Program. <u>See</u> Mot. at 2, 7-8.

Considering the above changes in the law resulting in a gross disparity in Chavez's unusually long sentences, the Court finds that Chavez has demonstrated extraordinary and compelling reasons justifying a sentence reduction.

D. <u>SECTION 3553(a) FACTORS FAVOR A SENTENCE REDUCTION</u>

The First Step Act requires this Court to consider whether the reduced sentence would be consistent with the sentencing factors articulated in 18 U.S.C. § 3553(a). Here, the nature and circumstances of the offense is adequately taken into account. Defendant's sentence has been reduced only to the mandatory minimum of Count One and Defendant must still serve an additional thirty-years in prison. The length of Defendant's reduced sentence reflects the seriousness of the offense, promotes respect for the law, and provides just

19

punishment for the offense. <u>See</u> 18 U.S.C. § 3553(a)(2). Moreover, under § 3553(a)(4), the reduced sentence is within the guidelines range of 360 months to life imprisonment. As already discussed above in the analysis of extraordinary and compelling reasons, Chavez has demonstrated a clear intent to rehabilitate himself and the Court takes those characteristics into account in reducing his sentence. <u>See</u> <u>Pepper v. United States</u>, 562 U.S. 476, 492 (2011) (finding that evidence of defendant's conduct since his initial sentencing constitutes a critical part of the "history and characteristics" of a defendant.)

Overall, because Chavez would still serve the mandatory minimums of each count, cumulatively 40 years' imprisonment, the Court finds that the reduced sentence here imposed is sufficient, but not greater than necessary, to comply with the factors and purposes set forth in § 3553(a)(2) of the Sentencing Guidelines.

The Court thus concludes that a sentence reduction is warranted in this case and shortens Chavez's sentence to 480 months.

## III. CONCLUSION

For the reasons stated above, the motion of defendant Jaime Chavez ("Chavez") for a sentence reduction is GRANTED.

The Court reduces Chavez's term of imprisonment on the first count of conviction to 120 months, reducing the total sentence to 480 months, the terms of which will be reflected in an Amended Judgment. All other provisions of Chavez's sentence shall remain in place.

**SO ORDERED.**

Dated:    21 November 2024
          New York, New York

_____
          Victor Marrero
          U.S.D.J.