**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/4/2025__
```

UNITED STATES OF AMERICA,

                - against -

JAIME CHAVEZ,

                        Defendant.

**02 CR 1301 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Jaime Chavez ("Chavez") seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion" or "Mot.," Dkt. No. 234.) The Government opposes the motion. (See "Opposition" or "Opp'n," Dkt. No. 236.) For the reasons detailed below, the motion is **DENIED**. Chavez is not eligible for a sentence reduction because he has failed to establish an extraordinary and compelling reason warranting relief.

## I.    BACKGROUND

The Court presumes familiarity with the underlying facts of this case from prior decisions and orders. (See Dkt. Nos. 223, 232.) Hence, the Court provides only a brief recitation of the procedural history. In an order issued on November 21, 2024, this Court reduced Chavez's term of imprisonment on his first count of conviction from 300 months' to 120 months' imprisonment, finding that changes in the law since Chavez's conviction would have resulted in a lower sentence. (See Dkt.

1

No. 232.) The Court found that the discrepancy constituted an extraordinary and compelling reason for a sentence reduction pursuant to United States Sentencing Guidelines (the "Sentencing Guidelines") Policy Statement ("Policy Statement") § 1B1.13(b) ("Section 1B1.13(b)"). (See id.)

Chavez subsequently filed the pending motion for compassionate release pursuant to Section 3582, arguing that the Court should reduce the sentence for his second count of conviction - possession of a firearm equipped with a silencer in furtherance of the cocaine trafficking conspiracy, in violation of 18 U.S.C. § 924(c) ("Section 924(c)") - in light of what he asserts is another change in the law. (See Mot. at 1.) The Government submitted an opposition on November 24, 2025. (See Opposition.)

## II.  DISCUSSION

Section 3582 provides that a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13(b) of the Sentencing Guidelines governs whether there are "extraordinary and compelling" reasons warranting relief under Section 3582. See United States v. Feliz, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b).

2

Even where extraordinary and compelling reasons exist, a district court must also find that the sentencing considerations set forth in Section 3553(a) weigh in favor of a sentence reduction, see United States v. Daugerdas, 613 F. Supp. 3d 807, 809 (S.D.N.Y. 2020), and the defendant must have "fully exhausted all administrative rights to appeal" as set forth in the statute. 18 U.S.C. § 3582(c)(1)(A).

First, Chavez argues that a sentence reduction is warranted pursuant to Section 1B1.13(b)(6), which provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" sufficient to warrant relief. U.S.S.G. § 1B1.13(b)(6). Chavez cites Rosemond v. United States, 572 U.S. 65, 77-78 (2014), which held that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun" and that a "defendant's knowledge of a firearm must be advance knowledge." Chavez argues that Rosemond "eliminates the remoteness in time conspiracy liability theory by requiring the government to prove 'advance knowledge' of drugs and guns being in the same

transaction" – which Chavez asserts the government failed to do here. (Mot. at 2.)

Although Rosemond concerned aiding and abetting theories of liability, Chavez argues that the court relied on Nye & Nissen v. United States, 336 U.S. 613, 620 (1949), which found that "aiding and abetting has a broader application" and that Pinkerton v. United States, 328 U.S. 640 (1946) – concerning conspiracy liability – "is narrow in scope." (Mot. at 2.) Therefore, Chavez asserts that "any contention that Rosemond's holding . . . only applies to aiding and abetting theories of liability is inaccurate" because despite a "broader base," the Rosemond court required advanced knowledge – a requirement that would "necessarily" apply to conspiracy liability, Chavez argues, because that theory of liability is narrower in scope. (Id.)

The Court, however, is unpersuaded by Chavez's argument. As the Second Circuit has found, "[c]onspiracy liability and aiding and abetting liability are separate and distinct." United States v. Cole, No. 23-7566-CR, 2025 WL 2999484, at *10 n.11 (2d Cir. Oct. 27, 2025) (internal quotation marks and cited omitted). Rosemond did not modify the elements required to prove a Section 924(c) violation based upon a drug trafficking conspiracy. While "aiding and abetting is not a distinct criminal offense," id., the "crime of

4

conspiracy is complete upon the agreement to violate the law." United States v. Trapilo, 130 F.3d 547, 552 n.9 (2d Cir. 1997). As the Second Circuit has held, to "sustain a conviction under section 942(c), the government must establish the existence of a specific nexus between the charged firearm and the federal drug trafficking crime" – a nexus that is "established where the firearm afforded some advantage (actual or potential, real or contingent) to the drug trafficking." United States v. White, No. 22-2307-CR, 2024 WL 5103317, at *3 (2d Cir. Dec. 13, 2024). The Court finds no support for Chavez's argument that the Rosemond court's reliance on Nye & Nissen necessitates the decision's broad applicability to conspiracy liability – the form of liability at issue here.

Chavez additionally points the Court to Section 1B1.13(b)(5) and incorporates by reference evidence of gang disassociation cited in his previous motion. (See Mot. at 3.) Section 1B1.13(b)(5) states that a court may find an extraordinary and compelling reason where the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in Sections 1B1.13(b)(1)-(4)," are "similar in gravity" to those reasons. U.S.S.G. § 1B1.13(b)(5). Chavez also cites Section 1B1.13(d) and

incorporates by reference evidence of rehabilitation raised in his previous motion. (See Mot. at 3.) Policy Statement 1B1.13(d) states that a court may consider "rehabilitation of the defendant while serving the sentence . . . in combination with other circumstances." U.S.S.G. § 1B1.13(d).

Nevertheless, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); see United States v. Laval Farmer, No. 04-CR-209, 2025 WL 3033762, at *7 (E.D.N.Y. Oct. 30, 2025) ("[N]otwithstanding its broad discretion in considering all possible reasons for compassionate release, rehabilitation alone shall not be considered an extraordinary and compelling reason." (internal quotation marks and citation omitted)). Because the Court does not find Chavez's other arguments sufficient to constitute an extraordinary and compelling reason for a sentence reduction, it declines to grant relief on the basis of rehabilitation. See United States v. Latney, No. 18-CR-606, 2025 WL 1126474, at *8 (E.D.N.Y. Apr. 16, 2025) ("Defendant's commendable rehabilitation is not enough.").

Finally, as stated, if the defendant can show an extraordinary and compelling reason, a district court must also find that Section 3553(a) weighs in favor of a sentence reduction. See Daugerdas, 613 F. Supp. 3d at 809. Chavez urges

the Court to weigh evidence asserted in his previous motion as relevant considerations under Section 3553(a). However, because the Court finds that Chavez has not set forth extraordinary and compelling reasons warranting early release under Section 1B1.13(b), the Court need not decide whether the considerations in Section 3553(a) weigh in favor of a sentence reduction. See United States v. Carrasco, No. 01-CR-21, 2015 WL 4111449, at *1 (S.D.N.Y. June 23, 2015).

Accordingly, Chavez's motion for compassionate release pursuant to Section 3582 is **DENIED**.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 234) of defendant Jaime Chavez ("Chavez") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is hereby **DENIED** because Chavez has not established an extraordinary and compelling reason warranting relief.

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jaime Chavez, Register No. 21789112, FCI Tucson, Federal Correctional Institution, P.O. Box 23811, Tucson, AZ 85734 and to note service on the docket.

**SO ORDERED.**

Dated:    4 December 2025

Victor Marrero
U.S.D.J.

7

New York, New York

8

New York, New York